E-FILED
Wednesday, 19 September, 2007 02:13:37 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| YASH TECHNOLOGIES, INC., an Illinois corporation, <br><br> Plaintiff, <br><br> vs. <br><br> PROSPEED TRADING, INC., a California corporation, <br><br> Defendant. | Case No. 4:07-cv-4054 |

## MOTION TO REMAND

The Plaintiff, YASH TECHNOLOGIES, INC. ("Yash"), an Illinois corporation, by and through its attorneys, Califf & Harper, P.C., respectfully moves this Court pursuant to 28 U.S.C. § 1447, 28 U.S.C. § 1332 and CDIL-LR 7.1 for an order remanding this case to the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois, on the ground that the case was improperly removed and is not within the jurisdiction of this Court, in that the removal was not timely and the matter in controversy does not satisfy the jurisdictional requirement of a diversity action in which the amount in controversy exceeds $75,000 exclusive of interest and costs. In support of this Motion to Remand, Yash states:

1. This is an action that was filed in state court seeking a declaratory judgment as to whether an individual had any authority to sign on behalf of Yash an alleged referral agreement referenced in and attached to Yash's Complaint for Declaratory Judgment ("Complaint") as Exhibit A. Yash's Complaint is attached to this Motion as Exhibit A.

2. The Complaint in the underlying state court action was filed on May 14, 2007 and the Summons issued on May 14, 2007.

3. Because the Defendant failed to notify the California Secretary of State of its correct registered address, after numerous attempts at service, Yash secured an order from the Circuit Court of Rock Island County ordering that the Defendant be served through the California Secretary of State. A copy of the June 29, 2007 Order of the Rock Island County Circuit Court is attached to this Motion as Exhibit B.

4. The Summons and Complaint were served in the underlying action upon the California Secretary of State on August 7, 2007. A copy of the Affidavit of Service filed with the Rock Island County Circuit Court on August 20, 2007 is attached as Exhibit C.

5. After the expiration of 30 days from the date of service upon the California Secretary of State, on September 7, 2007 a Declaratory Judgment by Default was entered by the Rock Island County Circuit Court against the Defendant as a result of the Defendant's failure to appear or respond to the Complaint.

6. On September 12, 2007 the Defendant filed its Notice of Removal.

7. 28 U.S.C. § 1446(b) states:

> The notice of removal of a civil action of proceeding shall be filed <u>within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth claim for relief upon which such action or proceeding is based</u> or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, <u>whichever period is shorter.</u>

(Underlining added)

8. On its face the Defendant's Notice of Removal is not timely pursuant to 28 U.S.C. §1446(b) in that it was filed later than thirty (30) days after service of the Summons and Complaint upon the Defendant's agent, being the California Secretary of State.

2

9. In support of the Defendant's allegation that the matter in controversy exceeds $75,000 exclusive of interest and costs, the Defendant attaches the underlying Complaint filed by Yash. Yash's Complaint contains no allegation establishing that the matter in controversy exceeds $75,000 exclusive of interest and costs. To the contrary, Yash's Complaint seeks a declaratory ruling by the Rock Island County Circuit court, rather than a judgment for any monetary relief.

9. This Court is without jurisdiction to hear and determine this action as it is not a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a) and because the Notice of Removal was not timely pursuant to 28 U.S.C. § 1446(b).

10. Yash files this Motion for Remand pursuant to 28 U.S.C. § 1447 and further requests that upon remand this Court order the Defendant to pay the just costs and actual expenses, including attorney fees, incurred as a result of the wrongful removal.

11. As required by CDIL-LR 7.1, a Memorandum of Law accompanies this Motion for Remand.

WHEREFORE, the Plaintiff, YASH TECHNOLOGIES, INC., respectfully moves this Court to remand this case to the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois, and that upon ordering such remand, this Court award the Plaintiff its just costs and actual expenses, including attorney fees, incurred as a result of the removal.

YASH TECHNOLOGIES, INC., Plaintiff

/s/ James S. Zmuda

---

James S. Zmuda IL Bar #6202119
Attorney for Plaintiffs
Califf & Harper, P.C.
506 15th Street, Suite 600
Moline, Illinois 61265
Telephone:   (309) 764-8300
Facsimile:   (309) 764-8394
E-mail:      jzmuda@califf.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| YASH TECHNOLOGIES, INC., an Illinois corporation, <br><br> Plaintiff, <br><br> vs. <br><br> PROSPEED TRADING, INC., a California corporation, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 4:07-cv-4054 ) ) ) ) ) ) |

CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2007 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    pkoenig@qconline.com
    lcoolidge@qconling.com
    jzmuda@califf.com
    jketner@califf.com

and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants.

    None.

YASH TECHNOLOGIES, INC., Plaintiff


/s/ James S. Zmuda
_____
James S. Zmuda IL Bar #6202119
Attorney for Plaintiffs
Califf & Harper, P.C.
506 15th Street, Suite 600
Moline, Illinois 61265
Telephone:   (309) 764-8300
Facsimile:   (309) 764-8394
E-mail:   jzmuda@califf.com

jsz.pldg.3400-1

E-FILED
Wednesday, 19 September, 2007  02:14:21 PM
Clerk, U.S. District Court, ILCD

**EXHIBIT A**

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
ROCK ISLAND COUNTY, ILLINOIS

| | |
|---|---|
| YASH TECHNOLOGIES, INC., an Illinois corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 07MR285 |
| PROSPEED TRADING, INC., a California corporation, | )<br>)<br>) |
| Defendant. | )<br>) |

COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, YASH TECHNOLOGIES, INC., an Illinois corporation ("YASH"), by and through its attorneys, Califf & Harper, P.C., pursuant to 735 ILCS 5/2-701, and for its Complaint for Declaratory Judgment against the Defendant, PROSPEED TRADING, INC., a California corporation ("PROSPEED"), states as follows:

PARTIES

1. YASH is an Illinois corporation with a place of business located in Rock Island County, Illinois.

2. PROSPEED is a California corporation with an office in Corona, California.

3. While not a party to this action, a party with knowledge concerning the subject matter of this declaratory judgment action is Sush Tripathi of IT Source ("Source").

4. At some time prior to February 3, 2006, upon information and belief, Source informed a representative of Yash Technologies Private Limited, a corporation organized and existing under the laws of India ("YASH India"), not YASH, that Source or PROSPEED was

assisting an end client named "Chemtura" in finding an information technology ("IT") company to which Chemtura could outsource work.

## FACTS

5. Upon information and belief SOURCE contacted many potential companies to perform IT services offshore for Chemtura through PROSPEED or directly to Chemtura.

6. Upon information and belief SOURCE caused to be sent to the potential IT companies referral fee agreements in the name of PROSPEED.

7. A referral agreement in the name of YASH was received by a representative of Yash India and was signed by such representative, purportedly on behalf of YASH, not YASH India. A copy of such agreement (unsigned) is attached as Exhibit A and incorporated by this reference.

8. The YASH India representative is not an employee, officer, director, owner or otherwise an authorized agent of YASH.

9. The YASH India representative had neither express nor implied authority to sign the referral agreement on behalf of or otherwise to bind YASH.

10. The YASH India representative had no apparent or other authority to sign the referral agreement on behalf of or otherwise to bind YASH.

11. On or about March 21, 2007 YASH first received a copy of the referral agreement.

12. A dispute has arisen between YASH and PROSPEED as to whether referral fees are owing to PROSPEED by virtue of the referral agreement and litigation has been threatened against YASH.

## DECLARATION OF RIGHTS REQUESTED

13. YASH therefore seeks a declaration of this Court that YASH is not legally obligated to make any payments to PROSPEED by virtue of the referral agreement.

WHEREFORE, the Plaintiff, YASH TECHNOLOGIES, INC., an Illinois corporation, prays for a declaratory judgment finding and ordering that the Plaintiff is not legally obligated to make any payment to the Defendant, PROSPEED TRADING, INC., a California corporation, by virtue of the referral agreement, together with an award of Plaintiff's costs incurred in connection with this action.

YASH TECHNOLOGIES, INC., Plaintiff

By: _____
James S. Zmuda
For: Califf & Harper, P.C.

James S. Zmuda
Califf & Harper, P.C.
506 15th Street, Suite 600
Moline, Illinois 61265
Telephone:   (309) 764-8361
Facsimile:   (309) 764-8394

jsz.pldg.3085-3

3

# AGREEMENT

This Joint agreement executed on this 3rd day of February 2006 between Yash Technologies, Inc. hereinafter referred to as ("Yash "), an Illinois based corporation located at 605-17th Avenue, East Moline, IL-61244 USA. and Prospeed Trading, Inc., hereinafter referred to as ("Prospeed"), a California corporation having its office at 2424 Sage Leaf Circle, Corona, CA 92882 USA, WITNESSETH AS FOLLOWS WHEREAS Yash and Prospeed desire to transact business with each other and consider it desirable to record the terms and conditions on which they will do so; NOW THIS AGREEMENT WITNESSETH AS FOLLOWS

1. **Scope of Work**

Prospeed will work as an independent Company for facilitating YASH getting business development projects in the domain in which YASH has expertise and its expert services providers/ partner companies. Any other specific activity that is mutually agreed upon in writing.

2. **Confidentiality Requirements**

"Confidentiality Information" means any information (including the whole or any part of phrase of any scientific of technical information, designs, flowcharts, computer programmer code, business know-how, business information and data), ideas,concepts and drawings for products and services, business strategy, business plans, YASH markets, identified market needs, product and services strategies of Prospeed that are of value and secret in that they are not generally known to the public.

Confidential information can be disclosed by the client or Prospeed or their affiliate to YASH in document or other tangible form bearing an appropriate legend indicating it's confidential or proprietary nature.

Further, confidential information may be initially be disclosed orally or visually. If so, it shall be identified as confidential at the time of disclosure and a written summary thereof, also marked with a legend indicating it's confidential or proprietary nature, shall be provided to YASH within thirty (30) days of the initial disclosure.

Without prejudice to the foregoing it is agreed that it is not marked confidential but by nature thereof is obviously information of a confidential nature, will be deemed confidential information as per the terms of this Agreement and will be treated likewise.

3. **Use of Confidential Information**

YASH May use the confidential information of the client or Prospeed only for the purpose of this Agreement, and shall protect such confidential information from disclosure to others, using the same degree of care used to protect it's own proprietary information of like importance, but in any case no less than a reasonable degree of care.
YASH may disclose confidential information received only to its employees and Company who need to know for such purpose and who are bound by signed, written agreements to protect the received Confidential Agreement from unauthorized use and disclosure.

YASH may only disclose Confidential Information to third parties with prior written consent of Client and/or Prospeed.

4. **Exceptions**

The restrictions of this agreement on use and disclosure of Confidential Information shall not apply to information that :
a.was known at the time of it's disclosure to YASH under this agreement.
b.Is, or becomes publicly know, through no wrongful act of Prospeed
c.Is, received by YASH from a third party free to disclose it without obligation to the third party/Client.
d.Is independently developed by YASH without reference to Confidential Information.


EXHIBIT A

5. **Agreement not to Compete.** Both YASH and Prospeed agree that during the length of this agreement and for a period of 2 years after termination: Neither shall, except upon obtaining prior written consent, hire or offer to hire, accept employment from, form any partnership or joint venture with, act as a fellow shareholder in a corporation with, or otherwise directly or indirectly enter into any business venture with any other person who are employed by YASH or Prospeed or company that they are introduced to by the other. Nor shall YASH or Prospeed begin or in anyway enter into a competing business with the other. Prospeed cannot engage in services provided by Prospeed.

6. **Ownership of the Work Product**

Prospeed will not own the product, services, drawings, source code or any other intellectual property. The ownership of the above forementioned and all documentation etc. agreed upon before commencement of the project will be handed over to the client under the terms and conditions agreed with the client, and will remain solely with YASH and the Client for whom YASH executed the project on behalf of Prospeed

7. **Legally Required Disclosure**

In the event YASH is required by law, regulation or court order to disclose any of the Client/ Prospeed information, YASH will, if at all possible immediately notify the Client/Prospeed in writing prior to making any such disclosure in order to facilitate Client/Prospeed seeking a protective order or other appropriate remedy from the appropriate body.

8. **Termination of Agreement**

This Agreement can be amended or in any manner modified or terminated only in a written agreement signed by both parties.

9. **Payment Method**

YASH Agrees to pay Prospeed service charges as outlined in the Appendix.

10. **Mode of Payment**

The payment shall be made in favor of Prospeed in the form of Checks, Demand Draft, or Wire Transfers to a designated bank account. The payment shall be made monthly, and immediately upon receipt of payment from the Client. YASH will invoice the Client directly and a copy of such invoice will be sent by YASH to Prospeed.

11. **General**

All obligations hereunder, including without limitation any and all obligations regarding the use and disclosure of Confidential Information, shall continue perpetually. This agreement can be amended or in any manner modified only in written agreement signed by both parties. Each party agrees that it will not, without prior consent of the other, disclose the existence and nature of this agreement and/or any negotiations of transactions related hereto.

This Agreement shall be governed by and construed in accordance with the laws of California, USA, wherein it is made and delivered.

For YASH Technologies, Inc.                          For Prospeed Trading, Inc.

_____                      _____
                                                     Asim Khawaja - CEO

_____                      _____
Date                                                 Date

# APPENDIX

**Prospeed** _____

**Project Reference Number**     2006001 _____

**Prospect/Client Name**    Chemtura Corporation _____

| Description of Services | Service Charges |
|---|---|
| Any and all offshore services that are invoiced to Chemtura. | $5.00/ man hour |
| Any and all onsite invoiced services that are invoiced to Chemtura. | $5.00/ man hour |

**EXHIBIT B**

N THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
ROCK ISLAND COUNTY, ILLINOIS

| | |
|---|---|
| YASH TECHNOLOGIES, INC., an Illinois corporation, ) ) ) | |
| Plaintiff, ) ) ) | |
| vs. ) | Case No. 07 MR 285 |
| PROSPEED TRADING, INC., a California corporation, ) ) ) ) | |
| Defendant. ) | |

FILED in the CIRCUIT COURT
of ROCK ISLAND COUNTY
GENERAL DIVISION

JUN 2 9 2007

Lisa of Bierman
Clerk of the Circuit Court

ORDER

This cause having come before the Court upon the Motion For Service Upon Secretary of State of California filed by the Plaintiff, the Court having reviewed the Court file and being fully advised in the premises, HEREBY FINDS that the Plaintiff's Motion For Service Upon Secretary of State of California should be and the same hereby is granted.

The Court HEREBY ORDERS as follows: The Plaintiff, YASH TECHNOLOGIES, INC., is hereby authorized to effectuate service upon the Defendant in this case, PROSPEED TRADING, INC., by serving the Secretary of State of California, or any person employed by the Secretary of State's office in the capacity of assistant or deputy, and the Plaintiff shall further serve a copy of the Summons and Complaint by United States Mail to the last know mailing address of the Defendant.

ENTERED: 6/29/07

jsz.pldg.3260

**EXHIBIT C**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>CALIFF & HARPER<br>James S. Zmuda,<br>600 First Midwest Bank Building 506 - 15th Street Moline, IL 61266 | | POS-010<br>FOR COURT USE ONLY |

TELEPHONE NO.: **(309) 764-8361**   FAX NO.*(Optional)*: **(309) 764-8394**
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: **Plaintiff**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE: **, CA**
  BRANCH NAME:

PLAINTIFF/PETITIONER: **YASH TECHNOLOGIES, INC.**
DEFENDANT/RESPONDENT: **PRO SPEED TRADING, INC.**

CASE NUMBER: **07 MR 285**

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.: **Yash Technologies, Inc.**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents)*: **Order**

   AUG 2 0 2007

3. a. Party served *(specify name of party as shown on documents served)*:
   **PRO SPEED TRADING, INC.**

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship of party named in item 3a)*:
   **California Secretary of State (Marcia Sorensen), Agent**

4. Address where the party was served: **1500 11TH STREET SACRAMENTO, CA 95814**

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **08/07/2007**  (2) at *(time)*: **04:25 pm**
   b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*:  **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS-010/P143730

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*  (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☒ on behalf of *(specify):* **Pro Speed Trading, Inc.**
      under the following Code of Civil Procedure section:

      ☒ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)   ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership) ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                                       ☐ other:

7. **Person who served papers**
   a. Name: **Johnny Adams**
   b. Address: **55 Santa Clara Avenue, Suite 120  Oakland, CA 94610**
   c. Telephone number: **(510) 419-3940**
   d. **The fee** for service was: **$ 140.00**
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ registered California process server:
         (i) ☐ owner   ☐ employee   ☒ independent contractor.
         (ii) Registration No.: **0612**
         (iii) County: **Sacramento**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **08/15/2007**

**INTERCEPTOR Legal Support Service, Inc.**
55 Santa Clara Avenue, Suite 120
Oakland, CA 94610
(510) 419-3940

| **Johnny Adams** | ▶ *(signed)* Johnny Adams |
| --- | --- |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

CIRCUIT COURT OF THE ___14TH___ JUDICIAL CIRCUIT
___ROCK ISLAND___ COUNTY, ILLINOIS

YASH TECHNOLOGIES, INC., an
Illinois corporation,

    Plaintiff,

v.

No. 07 MR 285

PRO SPEED TRADING, INC., a
California corporation,

    Defendant

SERVE:
PRO SPEED TRADING INCORPORATION a/k/a
PRO SPEED TRADING, INC. by serving
the California Secretary of State
1500 11th Street
Sacramento, California 95814

## SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

WITNESS, _July 20_, 20_07_

_Lisa L. Bierman_ (Clerk of Court)

Plaintiff's Attorney (or plaintiff if he is not represented by attorney)

James S. Zmuda
Califf & Harper, P.C.
Address: 506 15th Street, Suite 600
City: Moline, Illinois 61265
Telephone: 309-764-8361

(Seal of Court)

Location of Clerk's Office

Date of Service: _____, 20_____
(To be inserted by officer on copy left with defendant or other person)

**SUMMONS – GENERAL 3/00**

**DEBRA BOWEN** | SECRETARY OF STATE | STATE OF CALIFORNIA
BUSINESS PROGRAMS | BUSINESS ENTITIES
1500 11th Street, 3rd floor | Sacramento, CA 95814 | Tel (916) 657-5448 | www.sos.ca.gov

## RECORD OF SERVICE OF PROCESS

INTERCEPTOR LEGAL
55 SANTA CLARA AVE., #120
OAKLAND, CA 94610

RE: YASH TECHNOLOGIES, INC. v. PROSPEED TRADING, INC., State of Illinois, Circuit Court Of The Fourteenth Judicial Circuit, Rock Island County, Case No. 07 MR 285

Service forwarded to Defendant:

PRO SPEED TRADING INCORPORATION
(official name of record)
2424 SAFE LEAF CIR
CORONA CA 92882

Date Forwarded: August 9, 2007

Process Server: J. Adams

Date Served: August 7, 2007    Time: 4:31 pm

Deputy Secretary of State Served: Marcia Sorensen

Documents Served: one copy of the Court Order, Summons, and Complaint.

FEES:
Receipt of Process Against Defendant:  $  50.00
Total Charges:                         $  50.00
Amount Received:                       $  50.00
Refund:                                $   0.00

Prepared by: _____
Jana Castro
Date: August 9, 2007