UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| YASH TECHNOLOGIES, INC., an Illinois corporation, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:07-cv-4054 ) |
| PROSPEED TRADING, INC., a California corporation, | ) ) ) ) |
| Defendant. | ) ) |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

The Plaintiff, YASH TECHNOLOGIES, INC. ("Yash"), an Illinois corporation, by and through its attorneys, Califf & Harper, P.C., files this Memorandum of Law as required by CDIL-LR 7.1 in support of its Motion to Remand.

I.  RELIEF REQUESTED

The Defendant has removed this case on the purported basis of diversity jurisdiction. Yash requests an order remanding this case to the Circuit Court for the Fourteenth Judicial Circuit, Rock Island County, Illinois on the ground that the case was improperly removed and is not within the jurisdiction of this Court, in that the removal was not timely and the matter in controversy does not satisfy the jurisdictional requirement of a diversity action in which the amount in controversy exceeds $75,000 exclusive of interest and costs. Yash further requests that it be awarded its just costs and expenses pursuant to 28 U.S.C. § 1447(c).

II.  AUTHORITIES AND ARGUMENT

A.  Basis For Remand

28 U.S.C. § 1447(c) provides that a court may remand a case to state court either "on the basis of any defect in removal procedures" or if it "appears that the district court lacks subject

matter jurisdiction." Both of these elements for remand exist in this case. The propriety of removal is to be strictly construed against removal, with all doubts resolved in favor of remand. *See People of the State of Ill. v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982).

    B.    The Untimely Filing Of The Defendant's Notice Of Removal Renders Ineffective The Attempted Removal

28 U.S.C. § 1446(b) states:

> The notice of removal of a civil action of proceeding shall be filed <u>within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth claim for relief upon which such action or proceeding is based</u> or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, <u>whichever period is shorter</u>.

(Underlining added). The removal statute is to be narrowly construed and any doubt regarding jurisdiction should be resolved in favor of the state court entertaining the case. *Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The party petitioning for removal bears the burden of establishing that all of the requirements for removal have been met. *Fellhauer v. City of Geneva*, 674 F. supp. 1445, 1447 (N.D. Ill. 1987) (motion for remand was granted where the removing party failed to obtain all defendants' consent to the removal within the mandatory 30-day time period).

In the instant case, because the Defendant failed to notify the California Secretary of State of its correct registered address, after numerous attempts at service, Yash secured an order from the Circuit Court of Rock Island County authorizing that the Defendant be served through the California Secretary of State. *See* Order of the Rock Island County Circuit Court attached to Yash's Motion to Remand as Exhibit B. On August 7, 2007 the Summons and Complaint in the state court action were served upon the California Secretary of State. *See* Exhibit C attached to Yash's Motion to Remand. The Defendant did not file its Notice of Removal within thirty (30)

days of August 7, 2007. Instead, the Defendant filed its Notice of Removal on September 12, 2007, thirty-six (36) days following service of the Complaint and Summons.[1] Therefore, the Notice of Removal is untimely on its face pursuant to the express requirements of 28 U.S.C. 1446.

An untimely notice of removal is a fatal procedural defect under 18 U.S.C. § 1447(c). *See Grzetich v. VLI Corp.,* 670 F. Supp. 793 (N.D. Ill. 1987); *FDIC v. Cabral,* 989 F.2d 525 (1st Cir. 1992). As the Defendant here has failed to meet its burden of establishing strict compliance with all statutory requirements, on the basis of this procedural defect in the removal procedures this case should be remanded to the Circuit Court of Rock Island County, Illinois pursuant to 28 U.S.C. § 1447(c).

C.   The District Court Lacks Subject Matter Jurisdiction

In addition to being untimely the removal notice is improper because this Court lacks subject matter jurisdiction of this case. The Defendant's purported basis for removing this case is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Although the parties are citizens of different states, the Defendant has not and cannot establish the matter in controversy exceeds $75,000 exclusive of interest and costs. The Complaint filed in state court seeks a declaratory judgment as to whether the person who allegedly signed a purported agreement with the Defendant was authorized to do so. *See* Exhibit A attached to Yash's Motion for Remand. The Defendant's allegation that the matter in controversy exceeds $75,000 relies solely upon the underlying Complaint filed by Yash.[2] Yash's Complaint contains no allegation establishing that

---

[1] In fact, the Defendant's Notice of Removal was filed after a Declaratory Judgment (By Default) was entered by the Rock Island County Circuit Court on September 7, 2007.

[2] The state of the record at the time of the notice of removal is used to determine if removal is appropriate. *E.g., Lawrence v. American Honda Motor,* 2006 U.S. Dist. LEXIS 74585 (C.D. Ill.). Therefore, any later attempt to change the record to support removal is too late and will not be considered.

3

the matter in controversy exceeds $75,000 exclusive of interest and costs. To the contrary, Yash's Complaint seeks a declaratory ruling and does not seek any monetary relief. *See* Exhibit A attached to Yash's Motion to Remand.

The removal statute is to be construed narrowly, and there is a strong presumption in favor of remand. *Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). All doubts about the propriety of removal are to be resolved in favor of remand. *Ford v. Keck*, 2007 U.S. Dist. LEXIS 24064, *3 (S.D. Ill. 2007). A party seeking removal based on diversity jurisdiction bears the burden of demonstrating the complete diversity <u>and</u> that the amount in controversy requirements were met at the time of removal. *Peirick v. Hooters of America, Inc.*, 2005 U.S. Dist. LEXIS 18990, *2 (N.D. Ill. 2005). Because the Notice of Default was untimely and fails to satisfy the amount in controversy requirement, this case must be remanded to the state court.

    D.    Upon Ordering The Remand Of This Case This Court Should Award Yash Its Just Costs And Actual Expenses, Including Attorney Fees, Incurred As A Result Of The Defendant's Wrongful Removal Of This Case

Pursuant to 28 U.S.C. § 1447 Yash further requests this Court order the Defendant to pay the just costs and actual expenses, including attorney fees, incurred as a result of the wrongful removal. 28 U.S.C. §1447(c) allows a district court to award costs pursuant to an order remanding a case either on the grounds that the court lacks subject matter jurisdiction or on the basis that procedures for removal were not satisfied. 28 U.S.C. § 1447(c) constitutes a fee-shifting provision, and not a sanction, and Yash need not tender or establish evidence of bad faith in order to be awarded its attorney fees. *Tenner v. Zurek*, 168 F.3d 328, 329-30 (7th Cir. 1998); *Golden v. Hotyellow98.com, Inc.*, 2001 U.S. Dist. LEXIS 21455, (N.D. Ill. 2001).

III.  CONCLUSION

Pursuant to 28 U.S.C. § 1447(c), remand is required in this case, based upon a lack of subject matter jurisdiction and because the untimely Notice of Removal constitutes a defect in the removal process. This Court should remand the case to the Circuit Court of Rock Island County, Illinois and should award Yash its reasonable just costs and expenses, including attorney fees, incurred by virtue of the wrongful removal.

                        YASH TECHNOLOGIES, INC., Plaintiff

/s/ James S. Zmuda
_____
James S. Zmuda IL Bar #6202119
Attorney for Plaintiffs
Califf & Harper, P.C.
506 15th Street, Suite 600
Moline, Illinois 61265
Telephone:    (309) 764-8300
Facsimile:    (309) 764-8394
E-mail:       jzmuda@califf.com

5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| YASH TECHNOLOGIES, INC., an Illinois corporation, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:07-cv-4054 |
| PROSPEED TRADING, INC., a California corporation, ) ) ) ) | |
| Defendant. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2007 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    pkoenig@qconline.com
    lcoolidge@qconling.com
    jzmuda@califf.com
    jketner@califf.com

and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants.

    None.

                YASH TECHNOLOGIES, INC., Plaintiff

                /s/ James S. Zmuda
                _____

                James S. Zmuda IL Bar #6202119
                Attorney for Plaintiffs
                Califf & Harper, P.C.
                506 15th Street, Suite 600
                Moline, Illinois 61265
                Telephone:   (309) 764-8300
                Facsimile:    (309) 764-8394
                E-mail:        jzmuda@califf.com

jsz.pldg.3404-1