E-FILED
Tuesday, 30 October, 2007  02:29:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| YASH TECHNOLOGIES, INC., an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:07-cv-4054 ) |
| PROSPEED TRADING, INC., a California corporation, | ) ) ) ) |
| Defendant. | ) |

REPLY TO DEFENDANT'S RESPONSE TO MOTION TO REMAND

NOW COMES the Plaintiff, YASH TECHNOLOGIES, INC. ("Yash"), by and through its attorneys, Califf & Harper, P.C., in accordance with its previously filed Motion for Leave to File Reply to Response to Motion to Remand, and for its Reply to Defendant's Response to Motion to Remand states the following in support of its Motion to Remand this case to the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois ("State Court").

I.   THE DEFENDANT'S NOTICE OF REMOVAL WAS UNTIMELY

The Defendant argues service was not complete when Yash served the Secretary of State of California on August 7, 2007, despite the fact the Defendant failed to maintain a current address for its registered agent in the State of California, and the State Court ordered that service be effectuated upon the Defendant by serving the Secretary of State of California. Further, the Defendant argues "[t]he Defendant . . . did not become aware of any lawsuit until Plaintiff's counsel sent the attorney for his co-venturer the complaint after receiving service of suit brought in Connecticut by IT Source LLC, a joint venturer of Prospeed, seeking recovery of fees from Yash under the contract between Yash and Prospeed." Response at 2. Attached to the Response as Exhibit C is a copy of an August 6, 2007 email from the undersigned counsel for Yash to

Robert L. Keepnews, counsel for IT Source, LLC, the purported joint venturer of the Defendant in this case. The "Statement in Support of Memorandum in Opposition to Motion to Remand" signed by Asim Khawaja, the purported sole stockholder, president and registered agent for the Defendant in this case, states: "I learned that such [Illinois] action existed from my colleague, Ms. Trapathi sometime after August 6, 2007 . . . ." Response at Exhibit A, paragraph 4. Conveniently, Mr. Khawaja fails to state exactly when he received the Complaint filed by Yash in the State Court.

The State Court found service on the Secretary of State of California to be effective, as a default judgment was entered against the Defendant in this case by the State Court based upon such service. Nonetheless, the Defendant argues such service is ineffective for purposes of removing this lawsuit to this Court. By the Defendant's "standard," however, the time for filing a notice of removal has not yet commenced because the Defendant argues Yash has provided "no proof that the Defendant has actually received the Complaint and Summons."[1] Response at 2. This argument is disingenuous and must be rejected.

28 U.S.C. § 1446(b) (bold typeface added) requires that the notice of removal be filed **"within thirty days after the receipt by the defendant, through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, **whichever period is shorter**." The party petitioning for removal bears the burden of

---

[1] The Defendant relies upon *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) to support the proposition that "removal time is measured from the date of actual service of summons and not from the date on which the party seeking removal receives a courtesy copy of the lawsuit." Response at 2. The Defendant's argument misses the mark entirely. Yash <u>actually</u> served the Defendant in this case through the Secretary of State of California on August 7, 2007. Yash <u>also</u> provided a courtesy copy of the pleadings in this case to counsel for IT Source, LLC in a <u>different</u> case. That action clearly did not negate service on the Defendant in <u>this</u> case.

establishing that all of the requirements for removal have been met. *Fellhauer v. City of Geneva*, 674 F. Supp. 1445, 1447 (N.D. Ill. 1987). The Defendant has failed to meet this burden, as it neglects to identify when the Defendant received the initial pleading "through service or otherwise" except to state that it learned of the existence of the Illinois action "sometime after August 6, 2007." As the untimeliness of the Defendant's Notice of Removal filed on September 12, 2007 is a fatal procedural defect pursuant to 18 U.S.C. § 1447(c), remand by this Court is required.

II.  THE AMOUNT IN CONTROVERSY DOES NOT EXCEED $75,000 BASED ON THE RECORD AT THE TIME OF THE FILING OF THE NOTICE OF REMOVAL[2]

Yash filed an action in the State Court seeking a declaratory judgment that Yash is not bound by a purported contract between Yash and the Defendant in this case. In fact the State Court has entered a default judgment to such effect.

The Defendant argues the amount in controversy exceeds $75,000 because Yash knew a purported third party beneficiary of an alleged contract between Yash and the Defendant in this case is seeking more than $75,000 from Yash in the United States District Court for the District of Connecticut.[3] Apparently the Defendant believes the record is devoid of any evidence of the jurisdictional amount being satisfied at the time of the filing of the Notice of Removal in this case, given the Defendant has filed the Statement of Asim Khawaja as part of its Response, which Statement asserts "[b]ased upon the knowledge we presently have, we believe that Yash Technologies, Inc. owes Prospeed not less than $200,000 for unpaid fees and perhaps as much as $300,000 under the contract attached." Khawaja Statement at paragraph 5. This equivocal

---

[2] The state of the record at the time of filing of a notice of removal controls whether the jurisdictional requirements have been met. *Peirick v. Hooters of America, Inc.*, 2005 U.S. Dist. LEXIS 18990, *2 (N.D. Ill. 2005).

[3] The *Oglesby* and *Lingle* cases cited by the Defendant are inapplicable as each concerned a plaintiff having pled a retaliatory discharge claim in such a way as to avoid implication of any federal law claim. Even assuming these cases represent current law neither Yash nor the Defendant are asserting or implicating any federal law claim in this case.

statement is defective because (1) it is inconsistent with the Defendant's argument that the amount in controversy requirement is satisfied by Yash's knowledge of the amount in controversy in the Connecticut litigation, which involves a claim for money by IT Source, LLC, not the Defendant in this case, and (2) it is made too late as it was not filed at the time of the filing of Notice of Removal, which was in any event late.

Yash's knowledge of a claim for more than $75,000 in connection with other litigation is not material to the amount in controversy requirement in this case. In the Connecticut litigation, to which the Defendant in this case is not a party, the plaintiff, IT Source, LLC, claims in its complaint at paragraph 8 (italics added): "Yash and Prospeed intended that Yash assume a *direct* obligagation [sic] to IT … ." Therefore, the Defendant in this case is not really seeking any money from Yash; rather, only IT Source, LLC is seeking money from Yash. As a practical matter the Defendant in this case and IT Source cannot both seek the same money from Yash under a contract theory. Instead, the Defendant in this case is really only arguing the alleged contract is enforceable against Yash, while Yash is arguing the alleged contract is not enforceable against Yash. Only IT Source, LLC is seeking any money from Yash. That claim is being made in the Connecticut litigation and not this case.

WHEREFORE, based on the foregoing, and Yash's previously filed pleadings, the Plaintiff, YASH TECHNOLOGIES, INC., respectfully submits its Motion to Remand should be granted.

YASH TECHNOLOGIES, INC., Plaintiff

/s/ James S. Zmuda

James S. Zmuda IL Bar #6202119
Attorney for Plaintiffs
Califf & Harper, P.C.
506 15th Street, Suite 600
Moline, Illinois 61265
Telephone:    (309) 764-8300
Facsimile:    (309) 764-8394
E-mail:       jzmuda@califf.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| YASH TECHNOLOGIES, INC., an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:07-cv-4054 ) |
| PROSPEED TRADING, INC., a California corporation, | ) ) ) ) |
| Defendant. | ) |

CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2007 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

   pkoenig@qconline.com
   lcoolidge@qconline.com
   jzmuda@califf.com
   jketner@califf.com

and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants.

   None.

                                        YASH TECHNOLOGIES, INC., Plaintiff


                                        /s/ James S. Zmuda

                                        _____
                                        James S. Zmuda IL Bar #6202119
                                        Attorney for Plaintiffs
                                        Califf & Harper, P.C.
                                        506 15th Street, Suite 600
                                        Moline, Illinois 61265
                                        Telephone:   (309) 764-8300
                                        Facsimile:   (309) 764-8394
                                        E-mail:      jzmuda@califf.com

jsz.pldg.3487-4