UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| YASH TECHNOLOGIES, INC., an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 07-4054 |
| v. | ) ) | |
| PROSPEED TRADING, INC., a California corporation, | ) ) ) | |
| Defendant. | ) ) | |

## **O R D E R**

Before the Court is Plaintiff's Motion to Remand, filed September 19, 2007. (Doc. 3.) Defendant filed a Response to the Motion on October 23, 2007. (Doc. 5.) Also before the Court is Plaintiff's Motion for Leave to Reply to Response, filed on October 25, 2007. (Doc. 7.) For the following reasons, Plaintiff's Motion to Remand is DENIED.

### BACKGROUND

Plaintiff Yash Technologies, Inc. allegedly entered into a contract with Defendant Prospeed Trading, Inc. sometime prior to February 3, 2006. (Doc. 3-2 at 2.) Under the terms of this contract, Plaintiff would provide offshore information technology services and pay Defendant referral fees for finding it clients. (Doc. 3-2 at 2.) However, Plaintiff did not pay the referral fees owed under the contract, and

has now preemptively filed this action seeking a declaration stating that it does not owe Defendant any fees. (Doc. 3, Ex. A.)

There is also tangential litigation that touches upon the case at bar. Defendant was engaged in a joint venture with IT Source, a Connecticut corporation which assisted Defendant in meeting its obligations under the contract at bar. (Doc. 5, Ex. B ¶ 7.) IT Source has filed a suit against Plaintiff in district court in Connecticut as a third party beneficiary to the contract. Defendant is not a party to that action. (Doc. 5, Ex. B ¶ 7.)

Plaintiff filed the case at bar in Illinois state court on May 14, 2007, seeking a declaratory judgment to avoid paying Defendant any referral fees pursuant to the contract. (Doc. 3 ¶¶ 1, 2.) Plaintiff alleges in its Complaint that the party who signed the contract on its behalf had no authority to do so, and the contract is therefore unenforceable. (Doc. 3-2 ¶ 9.) IT Source is not a party to this action. (Doc. 3-2 ¶ 3.)

After numerous unsuccessful attempts at service directly upon Defendant, Plaintiff obtained permission from the Illinois state court to serve Defendant through the California Secretary of State. (Doc. 3 ¶ 3.) Summons was served upon the California Secretary of State on August 7, 2007. (Doc. 3 ¶ 4; see also doc. 3-4.) Defendant did not respond to the Summons within 30 days of service upon the California Secretary of State, and the state circuit court subsequently entered a default judgment against Defendant on September 7, 2007. (Doc. 3 ¶ 5.) On September 12, 2007, Defendant removed this case to federal court on diversity grounds. (Doc. 1.) In its Notice of Removal,

Defendant alleges that it never received the Complaint and Summons served upon the California Secretary of State. (Doc. 1 ¶ 1.) Rather, Defendant claims that it became aware of the Complaint only when Plaintiff's attorney sent a copy of the Complaint via email to the attorney for IT Source in response to the Connecticut action against Plaintiff. (Doc. 5 at 2.) A representative of IT Source then forwarded the Complaint to Defendant "sometime after August 6, 2007." (Doc. 5, Ex. A ¶ 4.)

Plaintiff filed this Motion to Remand on September 19, 2007. (Doc. 3.) Plaintiff alleges that Defendant's Notice of Removal was untimely, and that diversity jurisdiction does not exist in this case. (Doc. 3 ¶ 9.) Plaintiff further requests that this Court award costs and expenses, including attorney fees, incurred as a result of wrongful removal. (Doc. 3 ¶ 10.)

## LEGAL STANDARD

A defendant may remove a case to district court in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil actions where the amount in controversy exceeds $75,000, and the action is between citizens of different states. 28 U.S.C. § 1332(a). "The party seeking removal has the burden of establishing federal jurisdiction." Disher v. Citigroup Global Mkts., Inc., 419 F.3d 649, 654 (7th Cir. 2005). "[T]he removal statute should be construed narrowly and against removal." Illinois v. Kerr-McGee Chem. Corp., 677 F.2d 571, 576 (7th Cir. 1982). There is a strong presumption against removal. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993) ("Any doubt regarding jurisdiction

3

should be resolved in favor of the states."); <u>Jones v. General Tire & Rubber Co.</u>, 541 F.2d 660, 664 (7th Cir. 1976) ("[A] case should be remanded if there is doubt as to the right of removal in the first instance.").

## ANALYSIS

Plaintiff argues this case should be remanded to state court because 1) Defendant's Notice of Removal was untimely, and 2) the amount in controversy in this case does not satisfy the jurisdictional requirement of a diversity action. However, both arguments are unsuccessful.

Plaintiff's argument that the removal was untimely fails because Defendant was never formally served a copy of the Complaint. A Notice of Removal must be filed within 30 days after the defendant receives a copy of the initial pleading. 28 U.S.C. § 1446(b). The 30 day time period begins to run upon "simultaneous service of the summons and complaint." <u>Murphy Bros. v. Michetti Pipe Stringing</u>, 526 U.S. 344, 348 (1999). Service on a statutory agent is not sufficient to commence the time period. See, e.g., <u>Rowland v. Giftcertificates.com, Inc.</u>, 195 F. Supp. 2d 509, 512 (S.D.N.Y. 2002); <u>Kiddie Rides USA, Inc. v. Elektro-Mobiletechnik, GMBH</u>, 579 F. Supp. 1476, 1479 (C.D. Ill. 1984).

Plaintiff argues that removal was untimely because the Summons and Complaint were served upon the Secretary of State of California on August 7, 2007, and Defendant did not file its Notice of Removal until September 12, 2007. However, the Secretary of State is a statutory agent. See, e.g., <u>Calderon v. Pathmark Stores, Inc.</u>, 101 F. Supp. 2d 246, 247 (S.D.N.Y. 2000). Therefore, service

4

upon it does not start the 30 day time period against Defendant. The time period for removal does not start until the Summons is served directly upon Defendant. Defendant was never formally served with the Summons in this case, so the 30 day period did not begin to run. Therefore, Defendant's removal on September 12, 2007 was timely in accordance with § 1446(b).

Plaintiff's argument that diversity jurisdiction does not exist fails because Defendant has made a good faith showing that the amount in controversy exceeds the jurisdictional minimum. The removing defendant bears the burden of establishing that the amount in controversy exceeds the statutory requirement. Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541 (7th Cir. 2006). When a plaintiff provides little information about the value of the claim, a defendant may remove based on a good faith estimate, so long as it is plausible and supported by a preponderance of the evidence. Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006).

Plaintiff argues that it only seeks a declaratory ruling, not monetary relief. (Doc. 4 at 4.) However, the amount in controversy in declaratory actions is measured by the value of the object of the litigation. Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). When the object of litigation is a contract, the value of relief is measured by the liability that would follow if the contract were enforced. See Int'l Gateway Commc'ns, Inc. v. Commc'ns Telesystems Int'l, Inc., 922 F. Supp. 122, 125 (N.D. Ill. 1996). In the case at bar, Plaintiff seeks a declaratory judgment to avoid paying referral fees due under the terms of a

contract. It follows, then, that the amount in controversy can be measured by how much Plaintiff would owe in referral fees if the contract were enforced.

Defendant attached to its Response an affidavit from its sole stockholder and president, Asim Khawaja. In this affidavit, Khawaja states that, to the best of his knowledge, Plaintiff would owe "not less than $200,000 for unpaid fees and perhaps as much as $300,000 under the contract." (Doc. 5 Ex. A ¶ 5.) There is no evidence or allegation which disputes this amount.[1] This amount far exceeds the jurisdictional minimum required by § 1332(a). Accordingly, by attaching the affidavit of its president, as well as a copy of the contract, Defendant has shown by preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

## CONCLUSION

Removal of this case to district court was timely, and Defendant has shown by preponderance of the evidence that the amount in controversy is sufficient to meet the requirements for diversity jurisdiction. Therefore, Defendant has overcome the presumption against removal, and established that removal in this case was proper. Because this case was properly removed, there is no need to discuss Plaintiff's request for award of costs and fees.

---

[1] Inexplicably, Defendant failed to reference the information contained in this affidavit in its Response, even though it is the strongest evidence it has for establishing the amount in controversy. Defendant instead relied solely on the amount in controversy in the action between Plaintiff and IT Source, which is not relevant to this case. Nevertheless, the affidavit was attached to the Response, and so the Court will consider the information contained within to determine whether Defendant has met its burden.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand is DENIED. Plaintiff's Motion for Leave to File Reply is MOOT.

ENTERED this __6th__ day of August, 2008.

s/Joe Billy McDade
Joe Billy McDade
United States District Judge
