UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Yash Technologies Inc | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-4054 |
| | ) | |
| Prospeed Trading Inc | ) | |
| Defendant | ) | |

## ORDER

    This case is set for a Rule 16 conference before Magistrate Judge John A. Gorman on Wednesday, October 15, 2008 at 11L15 a.m. in person in chambers in Rock Island.

    If an agreed Discovery Plan pursuant to Fed.R.Civ.P. 26(f)(3) is filed on or before October 13, 2008, the conference will be **AUTOMATICALLY** converted to a telephone conference, and the Court will set up the call. If no agreed Discovery Plan is filed by said date, a Plan shall be brought to the Rule 16 conference. If the parties cannot reach agreement on such a Plan, a Plan shall be brought to the Rule 16 conference that includes each party's proposals for scheduling the case.

    Parties shall discuss and include in the Discovery Plan, at a minimum, the items mentioned in Fed.R.Civ.P. 16(b); Fed.R.Civ.P. 26(f)(2) and (3); and CDIL-LR26.2(3). The Plan shall include provisions for discovery or disclosure of electronically stored information and any agreement with respect to inadvertently-disclosed work product or privileged information, using the Sedona Principles (Second Edition 2007) as a guide; a copy of these Principles follows the signature of this Order. At the Rule 16 conference, the parties shall be prepared to discuss the items set out in Fed.R.Civ.P. 16(b) and 16(c)(6), (8), (9), and (12).

ENTERED ON September 4, 2008

                                  s/ John A. Gorman

                              JOHN A. GORMAN
                   UNITED STATES MAGISTRATE JUDGE

The Sedona Principles Addressing Electronic Document Production June 2007
Second Edition

1. Electronically stored information is potentially discoverable under Fed. R. Civ. P. 34 or its state equivalents. Organizations must properly preserve electronically stored information that can reasonably be anticipated to be relevant to litigation.

2. When balancing the cost, burden, and need for electronically stored information, courts and parties should apply the proportionality standard embodied in Fed. R. Civ. P. 26(b)(2)(C) and its state equivalents, which require consideration of the technological feasibility and realistic costs of preserving, retrieving, reviewing, and producing electronically stored information, as well as the nature of the litigation and the amount in controversy.

3. Parties should confer early in discovery regarding the preservation and production of electronically stored information when these matters are at issue in the litigation and seek to agree on the scope of each party's rights and responsibilities.

4. Discovery requests for electronically stored information should be as clear as possible, while responses and objections to discovery should disclose the scope and limits of the production.

5. The obligation to preserve electronically stored information requires reasonable and good faith efforts to retain information that may be relevant to pending or threatened litigation. However, it is unreasonable to expect parties to take every conceivable step to preserve all potentially relevant electronically stored information.

6. Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.

7. The requesting party has the burden on a motion to compel to show that the responding party's steps to preserve and produce relevant electronically stored information were inadequate.

8. The primary source of electronically stored information for production should be active data and information. Resort to disaster recovery backup tapes and other sources of electronically stored information that are not reasonably accessible requires the requesting party to demonstrate need and relevance that outweigh the costs and burdens of retrieving and processing the electronically stored information from such sources, including the disruption of business and information management activities.

9. Absent a showing of special need and relevance, a responding party should not be required to preserve, review, or produce deleted, shadowed, fragmented, or residual electronically stored information.

10. A responding party should follow reasonable procedures to protect privileges and objections in connection with the production of electronically stored information.

11. A responding party may satisfy its good faith obligation to preserve and produce relevant electronically stored information by using electronic tools and processes, such as data sampling, searching, or the use of selection criteria, to identify data reasonably likely to contain relevant information.

12. Absent party agreement or court order specifying the form or forms of production, production should be made in the form or forms in which the information is ordinarily maintained or in a reasonably usable form, taking into account the need to produce reasonably accessible metadata that will enable the receiving party to have the same ability to access, search, and display the information as the producing party where appropriate or necessary in light of the nature of the information and the needs of the case.

13. Absent a specific objection, party agreement or court order, the reasonable costs of retrieving and reviewing electronically stored information should be borne by the responding party, unless the information sought is not reasonably available to the responding party in the ordinary course of business. If the information sought is not

reasonably available to the responding party in the ordinary course of business, then, absent special circumstances, the costs of retrieving and reviewing such electronic information may be shared by or shifted to the requesting party.

14. Sanctions, including spoliation findings, should be considered by the court only if it finds that there was a clear duty to preserve, a culpable failure to preserve and produce relevant electronically stored information, and a reasonable probability that the loss of the evidence has materially prejudiced the adverse party.