UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| YASH TECHNOLOGIES, INC., an Illinois corporation, ) ) ) | |
| Plaintiff, ) | No. 07-cv-4054 |
| ) v. ) ) | |
| PROSPEED TRADING, INC., a California corporation, ) ) ) | |
| Defendant. ) | |

## O P I N I O N  &  O R D E R

Before the Court is a Motion to Vacate Default Judgment (Doc. 14), filed by Defendant Prospeed Trading, Inc. on January 23, 2009. Also before the Court is a Motion to Intervene (Doc. 15) by IT Source LLC, filed on the same day. For the reasons that follow, both motions are DENIED.

### BACKGROUND

On May 15, 2007, Plaintiff Yash Technologies, Inc. ("Yash") filed a complaint in the Circuit Court of the Fourteenth Judicial Circuit, Rock Island, Illinois, seeking a judicial declaration that it was not obligated to make payments to Defendant Prospeed Trading, Inc. ("Prospeed") under a purported agreement between the two parties for referral services ("Referral Agreement"). Yash's complaint identified

Prospeed as a California corporation with an office in Corona, California.  (5/15/07 Ill. Cir. Ct. Compl. ¶ 2).[1]

Shortly after filing its complaint in Illinois state court, Yash hired a licensed process server to serve a summons and a copy of the complaint on Prospeed's registered agent for service of process in California.  (7/6/2007 P. Becker Aff. ¶¶ 2-3).  The state-court summons, which was issued the same day Yash filed its complaint, listed Asim Khawaja as Prospeed's registered agent and listed "2424 Safe Leaf Cir[.,] Corona, CA 92882" as Khawaja's address.  (5/15/2007 Ill. Cir. Ct. Summons; 7/6/2007 P. Becker Aff. ¶ 3).[2]  At some point before the process server attempted service on Khawaja, it was discovered that the address for Khawaja listed on the summons was not accurately recorded.  The process server, who was familiar with Corona, California, knew of no street in Corona named "Safe Leaf" but did know of a street named "Sage Leaf."  (7/6/2007 P. Becker Aff. ¶¶ 3-4).  Accordingly, it was decided that the correct address for Khawaja was 2424 Sage Leaf Circle in Corona.  In May and June 2007, the process server made several unsuccessful attempts to serve Khawaja at that address.  On the last of these attempts, a woman who answered the door at the Sage Leaf address informed the process server that Khawaja had moved from the address in early 2007.  (7/6/2007 P. Becker Aff. ¶¶ 5-6).  Further, the process server observed that there was no sign

---

[1] Yash's state-court complaint and other documents related to the state-court action were attached to Prospeed's Notice of Removal (Doc. 1).

[2] Presumably, the contact information for Khawaja appearing on the May 15, 2007 summons was obtained from Prospeed's registration with the California Secretary of State.

2

or any other type of identification at 2424 Sage Leaf Circle connecting Prospeed with the address. (7/6/2007 P. Becker Aff. ¶ 7). Unbeknownst to Yash, Khawaja had moved Prospeed's office to New York, New York. (Ex. A to Prospeed's 10/23/2007 Resp. to Mot. to Remand, Khawaja Decl. ¶ 2).

Unable to personally serve Prospeed's designated agent for service of process in California, Yash moved the Illinois state court for authorization to perfect service of process on Prospeed by serving the California Secretary of State.[3] The court, on June 29, 2007, granted Yash's motion for substituted service, authorizing Yash to effectuate service of process on Prospeed by serving the California Secretary of State and mailing a copy of the complaint and summons to Prospeed's last known mailing address. (6/29/2007 Ill. Cir. Ct. Order on Mot. for Service Upon Secretary of State of California). An alias summons as to Prospeed was issued on July 20, 2007, directing service of process on the California Secretary of State at 1500 11th Street, Sacramento California 95814. (7/20/2007 Ill. Cir. Ct. Summons). On August 7, 2007, a process server hired by Yash personally served upon an agent of the California Secretary of State the summons, the complaint, and the court order authorizing substituted service. (8/15/2007 J. Adams Decl. re Proof of Service of Summons). On August 9, 2007, the California Secretary of State's office forwarded

---

[3] In its motion for substituted service, Yash argued that service of process on the California Secretary of State, as opposed to service on the Illinois Secretary of State pursuant to 805 Ill. Comp. Stat. 5/5.30, was more likely to lead to Prospeed's actual notice of the lawsuit. (6/29/2007 Mot. for Service Upon Secretary of State of California ¶ 6). California law allows court-authorized substituted service of process on a domestic corporation via service on the California Secretary of State when the corporation's registered agent cannot, despite diligent efforts, be personally served. Cal. Corp. Code § 1702(a).

the summons and complaint to Prospeed at "2424 Safe Leaf Cir.[,] Corona, CA 92882." (8/9/2007 Record of Service of Process authored by J. Castro, agent of California Secretary of State).

Prospeed did not appear to defend itself in the Illinois state-court action within thirty days after service of process upon the California Secretary of State, and on September 7, 2007, the state court entered a default judgment in favor of Yash. The default judgment provided, "The Court hereby finds and declares that YASH is not legally obligated to make any payments to PROSPEED by virtue of the referral agreement as the referral agreement was not authorized by YASH and is not legally binding upon YASH." (9/7/2007 Declaratory Judgment by Default ¶ 13). On September 10, 2007, Yash sent to Prospeed's last known mailing address a notice of entry of default judgment -- Yash addressed the notice to "2424 Safe Leaf Circle" and to "2424 Sage Leaf Circle" in Corona, California. (9/10/2007 Notice of Entry of Declaratory Judgment by Default to Prospeed Trading, Inc.).

On September 12, 2007, Prospeed filed a notice of removal in this federal District Court, seeking to remove the Illinois state-court action in which default judgment had been entered against it days earlier. (Doc. 1). Prospeed did not contemporaneously move to vacate the default judgment. In the notice of removal, Prospeed represented that its registered agent Khawaja never received the complaint and summons that Yash served on the California Secretary of State. (9/12/2007 Notice of Removal ¶ 1). Prospeed has since submitted a written declaration by Khawaja in which he states that he learned of the state-court suit

4

"sometime after August 6, 2007," when an attorney for Sush Trapathi, a business colleague, received a copy of the complaint. (Ex. A to Prospeed's 10/23/2007 Resp. to Mot. to Remand, Khawaja Decl. ¶ 4).[4] Khawaja has identified Trapathi as the owner of IT Source LLC -- a company that allegedly agreed to work together with Prospeed to complete Prospeed's obligations under the Referral Agreement. (Khawaja Decl. ¶ 3). IT Source seeks to intervene in this federal suit.

In response to the notice of removal, on September 19, 2007, Yash moved for a remand to state court, arguing that the removal was untimely and that the requirements for federal diversity jurisdiction were not met. (Doc. 3). On August 6, 2008, the Court denied Yash's motion to remand. (Doc. 9). On December 1, 2008, Magistrate Judge John Gorman entered an Order clarifying the Court's expectations as to how the federal case would proceed in light of the default judgment against Prospeed in state court prior to removal. (Doc. 13, 12/1/2008 Order granting Yash's Mot. for Clarification). In that Order, Judge Gorman directed Prospeed to file within fourteen days -- by December 15, 2008 -- a motion addressing the default judgment. (12/1/2008 Order granting Yash's Mot for Clarification, at p. 2).

December 15, 2008 passed without Prospeed filing a motion addressing the state court's entry of default judgment. In apparent response to the blown deadline, Judge Gorman entered an Order on January 12, 2009, scheduling a status conference for January 28, 2009. Finally, on January 23, 2009, Prospeed filed a

---

[4] Khawaja's declaration is undated, but that alone is not enough to render it invalid under 28 U.S.C. § 1746. See EEOC v. World's Finest Chocolate, Inc., 701 F. Supp. 637, 639 (N.D. Ill. 1988).

5

motion to vacate the default judgment.  (Doc. 14).  Due to Prospeed's filing, Judge Gorman cancelled the status conference.

On the same day that Prospeed moved to vacate the default judgment, IT Source filed a motion to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure (the Rules are referenced below in short form by individual "Rule").  (Doc. 15).  IT Source has attached to its motion to intervene a counterclaim against Yash for breach of the Referral Agreement.  In the motion to intervene and the counterclaim, IT Source asserts a partial assignment interest in Prospeed's rights under the Referral Agreement by virtue of a separate arrangement with Prospeed.

In lieu of filing substantive responses to the motions to vacate and intervene (as is required by Local Rule 7.1(B)(2)) on January 29, 2009, Yash moved to strike the motions.  (Docs. 16-17).  Yash asked the Court to strike, pursuant to Rule 12(f), Prospeed's January 23, 2009 motion to vacate because it was filed well outside the December 15, 2008 deadline set by Judge Gorman in the Court's Order of December 1, 2008.  Yash also seemed to conflate its motion to strike with a response to Prospeed's motion to vacate by making arguments against the merits of the motion to vacate.  Further, Yash (quite oddly) asked the Court to "strike," via Rules 12(b)(6) and 12(f), IT Source's motion to intervene, offering a perfunctory argument that IT Source's rights under the Referral Agreement had already been decided pursuant to the default judgment entered against Prospeed.  To make matters even more confusing, Yash requested an (additional) opportunity to respond to the merits of

6

the motions to vacate and intervene in the event the Court denied its motions to strike.

Prospeed responded in opposition to Yash's motion to strike Prospeed's motion to vacate the default judgment. (Doc. 18). Prospeed attached to its response an affidavit prepared by its attorney in which the attorney attempted to explain why he failed to meet the December 15, 2008 deadline for filing a motion to vacate the default judgment. To summarize, Prospeed's counsel stated in the affidavit that he was too busy with other cases to meet the deadline imposed in this case. He also stated that an illness in his family and an audit of his personal income tax returns contributed to the missed deadline. (Ex. 1 to Mem. in Opp. to Mot. to Strike Mot. to Vacate, 2/19/2009 P. Koenig Aff. ¶¶ 2-10). IT Source also responded in opposition to Yash's motion to strike the motion to intervene.

On August 3, 2009, this Court entered an Order which was primarily designed to untie the procedural knot that Yash had created by improperly conflating its motions to strike with responses in opposition to the substantive merits of Prospeed's motion to vacate and IT Source's motion to intervene. (Doc. 22). The Court refused to strike either the motion to vacate or the motion to intervene. Instead, the Court took both motions under advisement so that they could be decided on the merits. Accordingly, the Court gave Yash the additional opportunity it requested to respond to the substantive merits of both motions. Yash has since responded, and the motions to vacate and intervene are now ready to be decided.

## DISCUSSION

According to the default judgment entered against Prospeed in Illinois circuit court on September 7, 2007, Yash is under no obligation to make payments to Prospeed under the Referral Agreement. Prospeed seeks to have the default judgment vacated. In addition, IT Source has moved to intervene in this action, seeking to enforce an alleged partial assignment of rights under the Referral Agreement.

I. <u>Motion to Vacate Default Judgment</u>

Prospeed argues that the state court's entry of default judgment should be vacated pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.[5] Rule 60(b)(1) provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Rule 60(b) is the appropriate mechanism for a party seeking relief from a default judgment entered in state court prior to removal of the action to federal court. <u>See, e.g.</u>, <u>Zeglis v. Sutton</u>, 980 F. Supp. 958, 961-62 (N.D. Ill. 1997); <u>see also</u> <u>Meyer v. ERJ, Inc.</u>, 1996 WL 267757, at *4 (N.D. Ill. May 17, 1996) (collecting cases). In considering Prospeed's Rule 60(b)(1) challenge, this Court will treat the state court's default judgment as though it had been entered in this federal action. <u>See</u> <u>Williams v. Lampe</u>, 399 F.3d 867, 870 (7th Cir. 2005); <u>see also</u> <u>Stockton v. Canada Life Assurance Co.</u>, 2008 WL

---

[5] Prospeed makes no argument that the default judgment is void under Rule 60(b)(4) for lack of personal jurisdiction. <u>See, e.g.</u>, <u>Robinson Eng'g Co. Pension Plan & Trust v. George</u>, 223 F.3d 445, 448 (7th Cir. 2000).

8

3925159, at *4 (C.D. Ill. Aug. 20, 2008) (citing Berberian v. Gibney, 514 F.2d 790, 793 (1st Cir. 1975)).

In the Seventh Circuit, a party seeking to vacate a default judgment under Rule 60(b)(1) bears the burden of showing: (1) "good cause" for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint. Jones v. Phipps, 39 F.3d 158, 162 (7th Cir. 1994). Although a trial on the merits is preferred to a default judgment, see C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1209 (7th Cir. 1984), the three-part showing required under Rule 60(b)(1) nonetheless "establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." Jones, 39 F.3d at 162. Prospeed fails to clear the hurdle.

Prospeed has not shown good cause for its default in state court. "Good cause" cannot be established where a party has exhibited willful disregard for duties, carelessness, or negligence. Id. at 164; Zuelzke Tool & Eng'g Co., Inc. v. Anderson Die Castings, Inc., 925 F.2d 226, 229 (7th Cir. 1991). Prospeed asserts that it did not appear in the state-court proceeding because it had no actual knowledge that the lawsuit had been filed. First, the argument fails because it is probable that Prospeed's owner/president/registered agent, Asim Khawaja, was aware of the lawsuit as early as one month before default judgment was entered. (Khawaja Decl. ¶ 4). Yet he did not arrange for Prospeed's appearance in state court. Second, the "actual knowledge" argument is unconvincing because Prospeed

9

concedes (by not refuting) that it was effectively served with process in the state-court action. Yash completed service of process on Prospeed (a corporation formed under the laws of California) by serving an agent of the California Secretary of State; the substituted service was authorized by court order after Yash made several diligent but unsuccessful attempts to personally serve Prospeed's registered agent in California. On August 9, 2007, after being served with the state-court complaint and summons, the Secretary of State's office forwarded the documents to Prospeed at the address for Prospeed that was on file at the time: "2424 Safe Leaf Cir.[,] Corona, CA 92882." (8/9/2007 Record of Service of Process authored by J. Castro, agent of California Secretary of State).[6] Not only did the address on file contain a typographical error that Prospeed should have made sure to correct, the address was also outdated. Khawaja had relocated Prospeed's office from Corona, California to New York, New York earlier in 2007. (7/6/2007 P. Becker Aff. ¶¶ 5-6; Khawaja Decl. ¶ 2; 9/12/2007 Notice of Removal ¶ 2). The Court is left to infer that, as of early August 2007, Prospeed had failed to notify the California Secretary of State of its change of address. Prospeed's omission was, at best, simple carelessness, which is enough to derail a showing of "good cause," under Rule 60(b)(1), for the default.

---

[6] When the California Secretary of State is served with process as the statutory agent for a domestic corporation, the Secretary is required, under California law, to forward the process documents to the corporation's principle executive office if an address for the office is on file. If the address is not on file, the Secretary must forward the documents to the corporation's last designated agent for service of process who has not resigned. If there is no agent of record and no address for the principle executive office, the Secretary of State is not required to take any action after being served. Cal. Corp. Code § 1702(b).

10

Alternatively, Prospeed has failed the second requirement for Rule 60(b)(1) relief because it did not act quickly to have the default judgment vacated. Khawaja allegedly became aware of the state-court lawsuit "sometime after August 6, 2007." (Khawaja Decl. ¶ 4). So, there is reason to believe that he was on notice when the Rock Island County, Illinois Circuit Court entered default judgment against Prospeed on September 7, 2007. Prospeed filed a notice of removal in federal court a few days later on September 12, 2007; however, the timing of removal is not controlling here. "[T]he 'quick action' prong of the standard for vacating default judgments must concern itself with the time elapsing between entry of judgment and the motion to vacate." Jones, 39 F.3d at 165. In Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc., our Court of Appeals held that a delay of four months between a party's awareness of a default judgment and its motion to vacate the judgment was too long to be considered quick action. 925 F.2d at 230. In Jones v. Phipps, the court held that a delay of approximately five weeks was too long. 39 F.3d at 165.

Prospeed filed its motion to vacate on January 23, 2009 -- roughly sixteen months after it became aware of the default judgment and more than one month past the Court-imposed deadline of December 15, 2008 for addressing its default. Although Prospeed's counsel has offered numerous excuses for the missed deadline, these excuses will not carry the "quick action" prong for his client. Surely, what constitutes "quick action" depends on the circumstances; however, the reasons that counsel has listed for not moving to vacate the default judgment by December 15,

11

2008 have to do with circumstances completely unrelated to this case (i.e. counsel's overloaded work schedule and certain personal obligations).[7] It would be inaccurate to say that Prospeed acted quickly to correct its default. It is unnecessary to consider the "meritorious defense" requirement of the Rule 60(b)(1) analysis because Prospeed has not met its burden of satisfying either of the other two requirements.

Lastly, Prospeed argues that the default judgment should be vacated because IT Source was never joined as a necessary party to the state-court action. Prospeed contends that IT Source was and is an indispensible party to this controversy, under Rule 19(a)(1), as an alleged partial assignee of rights under the Referral Agreement.[8] Prospeed, however, is unable to point to any case wherein a federal district court sitting in removal jurisdiction under similar circumstances has granted the precise type of relief requested here, i.e. throwing out a default judgment, which was entered in a state-court contract action prior to removal, merely because a partial assignee of a contractual right was not joined as a party. Moreover, Prospeed fails to adequately develop or support its imbedded argument that IT Source, as a partial assignee, is an indispensible party to this suit. A

---

[7] In the August 3, 2009 Order denying Yash's motions to strike, the Court indicated that it would excuse Prospeed's tardiness in filing the motion to vacate. The excusal was for purposes of the motion to strike only, as should have been apparent to the parties in light of the Court's decision to allow further briefing on the merits of the motion to vacate. The substantive issue of "quick action" under Rule 60(b)(1) was not squarely before the Court in the round of briefing on the motion to strike Prospeed's motion to vacate.

[8] A better argument would have been that the state court's judgment is void under Illinois law because it was entered despite the absence of a necessary party. See Lain v. John Hancock Mut. Life Ins. Co., 398 N.E.2d 278, 283 (Ill. App. Ct. 1979). Prospeed has waived this argument by not making or adequately developing it.

12

sufficient argument would have included discussion and application of controlling law related to the enforcement of a contractual right held by a partial assignee as against an obligor (it appears that California law would govern pursuant to a choice-of-law provision in the Referral Agreement).

In sum, under the present circumstances, it would not be appropriate to vacate the state court's entry of default judgment against Prospeed.  The effect of the default judgment is the same as if this Court had entered it.  See Jackson v. Am. Sav. Mortgage Corp., 924 F.2d 195, 198 (11th Cir. 1991) (pre-removal state-court proceedings are treated as those of the federal district court); see also Aiken v. Waffle House, Inc., 509 F. Supp.2d 541, 545 (D.S.C. 2007) (upon removal, state-court default judgment is treated as having been rendered in the federal proceeding); First City, Texas-Beaumont, N.A. v. Treece, 848 F. Supp. 727, 743-44 (E.D. Tex. 1994) (electing not to set aside default judgment entered in state court prior to removal, rendering the judgment final).[9]

II.  IT Source's Motion to Intervene

IT Source has moved to intervene as a matter of right in this action pursuant to Rule 24(a)(2), claiming a partial assignment interest in Prospeed's rights under the Referral Agreement.  Rule 24(a)(2) provides as follows:

> On timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

[9] Prospeed's motion for leave to file a counterclaim in this suit is denied.

13

Fed. R. Civ. P. 24(a)(2). As the rule states, the right to intervene is conditional upon the timely filing of a motion to intervene. Whether a Rule 24(a) motion is timely generally depends on how long the proposed intervenor waited to move to intervene after learning of its interest in the case, and the prejudice resulting from a failure to move promptly. EEOC v. United Air Lines, Inc., 515 F.2d 946, 949 (7th Cir. 1975).

Here, the record indicates that IT Source's attorney learned of Yash's state-court suit against Prospeed on or about August 6, 2007. (Khawaja Decl. ¶ 4; 10/23/2007 Resp. to Mot. to Remand at p. 2). IT Source did not seek to intervene in the state-court action before default judgment was entered on September 7, 2007. Even after Prospeed removed the action to federal court on September 12, 2007, IT Source waited over sixteen months, until January 23, 2009, to file a motion to intervene. The significant length of delay was presumptively prejudicial to Yash.

In considering whether to deny a motion to intervene under Rule 24(a) as untimely, a court must generally take into account the impact the denial will have upon the rights of the proposed intervenor. United Air Lines, 515 F.2d at 949. In its three-paragraph motion to intervene, IT Source makes no attempt to address how its alleged rights under the Referral Agreement would be impacted by a denial of the company's request to intervene in this action. Accordingly, the Court need not explore the issue any further. Because the motion to intervene was not timely filed as required by Rule 24(a), it will be denied.

## CONCLUSION

For the reasons stated above, Prospeed's Motion to Vacate Default Judgment (Doc. 14) is DENIED, and IT Source's Motion to Intervene (Doc. 15) is DENIED. The default judgment against Prospeed remains in effect.

CASE TERMINATED.

ENTERED this 9th day of September, 2009.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States District Judge